UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────

NAQUAN LECKIE,

                Plaintiff,

      - v -

SEAN ROBINSON and MAURO GONZALEZ,

                Defendants.

**ORDER**

17 Civ. 8727 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

      Pro se Plaintiff Naquan Leckie brings this action under 42 U.S.C. § 1983, and related claims under New York state law, asserting constitutional violations arising from his July 14, 2017 arrest by officers of the New York City Police Department ("NYPD"). Plaintiff alleges false arrest, malicious prosecution, and excessive force.

      Defendant NYPD officers Sean Robinson and Mauro Gonzalez have moved for summary judgment with respect to all of Plaintiff's claims. (Dkt. No. 58) On August 30, 2019, this Court referred Defendants' motion to Magistrate Judge Barbara Moses for a Report and Recommendation ("R&R"). (Dkt. No. 72) On February 6, 2020, Judge Moses issued a thorough and well-reasoned 29-page R&R recommending that Defendants' motion for summary judgment be granted. (R&R (Dkt. No. 75) at 28)[1]

      For the reasons stated below, this Court will adopt Judge Moses's R&R in its entirety.

---

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF") system.

**BACKGROUND**

I. **FACTS**[2]

    A. **Plaintiff's Arrest**

At about 10:50 p.m. on July 14, 2017, in the vicinity of 148 Stanton Street in Manhattan, Plaintiff had an altercation with Issac Malaret. (Def. R. 56.1 Stmt. (Dkt. No. 63) ¶¶ 2-5; Pltf. R. 56.1 Stmt. (Dkt. No. 69-1) ¶ 2)[3] During that altercation, either Plaintiff or Malaret pulled out a knife. Compare Def. R. 56.1 Stmt. (Dkt. No. 63) ¶¶ 3-4 with Pltf. R. 56.1 Stmt. (Dkt. No. 69-1) ¶ 2. Malarat suffered a cut on his left index finger and a scratch on his neck, and Plaintiff sustained a hand laceration. (Def. R. 56.1 Stmt. (Dkt. No. 63) ¶¶ 14-15; Pltf. R. 56.1 Stmt. (Dkt No. 69-1) ¶¶ 12-13) When the men separated, Plaintiff had possession of the knife. (Def. R. 56.1 Stmt. (Dkt. No. 63) ¶ 6)

NYPD Officer Gonzalez – then off-duty – observed the altercation between Plaintiff and Malaret. (Def. R. 56.1 Stmt. (Dkt. No. 63) ¶¶ 3-4) Officer Gonzalez called 911 and reported that he had observed Plaintiff slash an individual with a knife near 148 Stanton Street in

---

[2] To the extent that this Court relies on facts drawn from a party's Local Rule 56.1 statement, it has done so because the opposing party has either not disputed those facts or has not done so with citations to admissible evidence. See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." (citations omitted)). Where Plaintiff disputes Defendants' characterization of cited evidence, and has presented an evidentiary basis for doing so, the Court relies on Plaintiff's characterization of the evidence. See Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001) (court must draw all rational factual inferences in non-movant's favor in deciding summary judgment motion).

Plaintiff has not filed a Local Rule 56.1 counterstatement. Accordingly, this Court has accepted as undisputed all of the facts set forth in Defendants' Local Rule 56.1 statement (see Local Civ. R. 56.1(c)), except where Plaintiff – in his Local Rule 56.1 statement – has alleged to the contrary, and cited supporting evidence from the record.

[3] Plaintiff did not file his Local Rule 56.1 statement with the Court. Plaintiff's Local Rule 56.1 statement, and an accompanying affidavit, were supplied to the Court by defense counsel. (Depoian Supp. Decl. (Dkt. No. 69))

Manhattan. (Id. ¶ 7) Officer Gonzalez then drew his firearm, approached Plaintiff, and ordered him to get on the ground. (Id. ¶ 8; Pltf. R. 56.1 Stmt. (Dkt. No. 69-1) ¶¶ 4, 6) Plaintiff claims that Officer Gonzalez "stomped me on my back with extreme force using profanity telling me not to look at him." (Pltf. R. 56.1 Stmt. (Dkt. No. 69-1) ¶ 8) Defendants dispute this account, stating that Plaintiff was reaching for the knife, so Officer Gonzalez "kicked the knife away" and "placed his foot on [Plaintiff's] back by applying minimal pressure to prevent him from getting up." (Def. R. 56.1 Stmt. (Dkt. No. 63) ¶¶ 9-10)

Officer Robinson then arrived at the scene. (Id. ¶ 11; Pltf. R. 56.1 Stmt. (Dkt. No. 69-1) ¶ 11) Officer Robinson spoke to Plaintiff, Malaret, a witness named Darcy Budworth, and Officer Gonzalez. (Def. R. 56.1 Stmt. (Dkt. No. 63) ¶¶ 12-13) Plaintiff told Officer Robinson, "I was assaulted and . . . someone cut me with a knife." (Pltf. R. 56.1 Stmt. (Dkt. No. 69-1) ¶ 12) Malaret informed Officer Robinson that Plaintiff "grabbed [him] by his hair, and punched him in the face," and Plaintiff "sliced his hand with a knife and then scratched his neck with the knife." (Def. R. 56.1 Stmt. (Dkt. No. 63) ¶ 12) Budworth told Officer Robinson "that she observed [P]laintiff approach Mr. Malaret, and that as Malaret attempted to walk away, [P]laintiff grabbed him by the hair and punched him in the face. She further observed [P]laintiff slice Mr. Malaret's hand with a knife and scratch Malaret's neck with the knife." (Id. ¶ 13)

Plaintiff was arrested, and both he and Malaret were then transported by ambulance to New York Presbyterian Lower Manhattan Hospital. (Id. ¶¶ 16-17; Pltf. R. 56.1 Stmt. (Dkt. No. 69-1) ¶ 13) Plaintiff received sutures for the laceration to his right index finger. (Def. R. 56.1 Stmt. (Dkt. No. 63) ¶ 18; Pltf. R. 56.1 Stmt. (Dkt. No. 69-1) ¶ 16) Plaintiff alleges that he told EMS personnel that a police officer had "stomped" on his back, but confirmed that he could still breathe normally. (Pltf. R. 56.1 Stmt. (Dkt. No. 69-1) ¶¶ 14-15) Medical records

from Plaintiff's hospital visit – prepared at 11:21 p.m., a half-hour after the altercation – show that Plaintiff "denie[d] head/neck/back pain or injury . . . [or] chest pain." (Def. Stmt. (Dkt. No. 63) ¶ 19 (citing Depoian Decl., Ex. I (Dkt. No. 62-9) at 11))

### B. State Court Criminal Proceedings

On July 15, 2017, Officer Robinson executed a Criminal Court Complaint against Plaintiff, which set forth information he had obtained from Malaret, the complaining victim. (Def. R. 56.1 Stmt. (Dkt. No. 63) ¶ 21)  The Criminal Complaint charges Plaintiff with violating New York Penal Law § 120.05(2), Assault with Intent to Cause Serious Injury with a Weapon, and New York Penal Law § 265.01, Criminal Possession of a Weapon in the Fourth Degree. (Id. ¶ 22)

On November 16, 2018, Plaintiff appeared in New York County Supreme Court before Justice Robert Stolz and pleaded guilty to assault with intent to cause serious injury with a weapon. (Def. R. 56.1 Stmt. (Dkt. No. 63) ¶ 23)  In his plea allocation, Plaintiff admitted that "on or about July 14th of 2017, with intent to cause physical injury to another person," he "caused such injury to Mr. Malaret by using a dangerous instrument, namely a knife. . . ." (Nov. 16, 2018 Plea Tr. (Dkt. No. 62-2) at 8:4-12)  Pursuant to Plaintiff's guilty plea, his sentence is three years' imprisonment and five years' supervised release. (Id. at 6:2-7)

## II. PROCEDURAL HISTORY

Plaintiff filed this action on November 8, 2017. (Cmplt. (Dkt. No. 2))  On June 19, 2018, this Court granted Officer Robinson's motion to stay this action due to the pendency of Plaintiff's state court criminal case. (Dkt. No. 22)

On January 17, 2019, Officer Robinson informed the Court that Plaintiff had pled guilty in the underlying criminal case and had been sentenced on December 19, 2018. (Dkt. No. 32)  On May 17, 2019, Plaintiff informed the Court that he had appealed his criminal conviction.

Plaintiff requested that the instant case be stayed pending the outcome of his appeal. (Dkt. No. 53) On May 31, 2019, this Court denied Plaintiff's request, and lifted the stay. (Dkt. No. 56) On June 3, 2019, Plaintiff again requested that the instant case be stayed. Plaintiff informed the Court that, in addition to his appeal, he had filed a motion to vacate his criminal conviction pursuant to N.Y. Criminal Procedure Law § 440.10 based on prosecutorial misconduct and ineffective assistance of counsel. (Dkt. No. 57) This Court did not grant Plaintiff's stay application.

On June 7, 2019, Defendants moved for summary judgment. (Dkt. No. 58) On June 10, 2019, Plaintiff informed the Court that he lacked certain evidence necessary to oppose Defendants' motion, including grand jury minutes from his state criminal prosecution and the audio tape of Officer Gonzalez's 911 call on the night Plaintiff was arrested. (Dkt. No. 65 at 1)

In a June 20, 2019 telephone conference, this Court provided Plaintiff with an overview of summary judgment practice and explained that were the Court to grant Defendants' motion, Plaintiff's claims would be dismissed. (June 20, 2019 Tr. (Dkt. No. 73) at 5:8-6:3) Plaintiff reiterated that he lacked access to evidence necessary to oppose Defendants' motion. (Id. at 10:25-11:19) This Court suggested that Plaintiff contact defense counsel in his state criminal case to obtain the evidence. (Id. at 11:20-12:5) The Court also explained to Plaintiff that his opposition would be due on August 2, 2019, but that

> if you are not able to get your opposition in by August 2, you need to send me a letter requesting more time. . . . If you know that you're not going to be able to meet the deadline because you don't have all the materials that you need, send me a letter requesting an extension of time and allow yourself enough time to get whatever additional records you need.

(Id. at 12:13-22) Plaintiff indicated that he understood. (Id. at 12:25)

Plaintiff did not request an extension of time or submit any evidence from the state court proceeding. He instead served on defense counsel his own Local Rule 56.1 statement

5

(Pltf. R. 56.1 Stmt. (Dkt. No. 69-1)) and an affidavit.  See Pltf. Aff. (Dkt. No. 69-2)  This Court construes Plaintiff's Local Rule 56.1 statement and affidavit as his opposition to Defendants' motion.

On August 30, 2019, this Court referred Defendants' motion for summary judgment to Judge Moses for an R&R.  (Dkt. No. 72)

On February 6, 2020, Judge Moses issued an R&R recommending that this Court grant Defendants' motion for summary judgment in its entirety.  (R&R (Dkt. No. 75) at 28)  Judge Moses' R&R includes the customary notice of the fourteen-day deadline for submitting objections to the R&R.  (Id. at 29)

On March 6, 2020, this Court extended the deadline for Plaintiff to file objections to the R&R to March 20, 2020.  (Dkt. No. 77)  Neither side has filed objections to the R&R.

## DISCUSSION

I. **LEGAL STANDARDS**

   A. **Review of a Report and Recommendation**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.  For portions of the R&R to which no timely objection is made, this Court's review is limited to a consideration of whether there is any "'clear error on the face of the record'" that precludes acceptance of the recommendations. Wingate v. Bloomberg, 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report

6

and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

### B. Summary Judgment

Summary judgment is warranted where the moving party shows that "there is no genuine dispute as to any material fact" and that that party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.1(a). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citing Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)). "'[W]here the non[-]moving party will bear the burden of proof at trial, Rule 56.1 permits the moving party to point to an absence of evidence to support an essential element of the non[-]moving party's claim.'" Lesavoy v. Lane, No. 02 Civ. 10162, 2008 WL 2704393, at *7 (S.D.N.Y. July 10, 2008) (quoting Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 116 (2d Cir. 1991)).

In deciding a summary judgment motion, the Court "'resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (quoting Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001)). However, a "'party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . [M]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist.'" Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (alteration in original) (quoting Fletcher v. Atex, Inc., 68 F.3d 1451, 1456.1 (2d Cir. 1995)). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Eviner v. Eng, No.

13 Civ. 6940 (ERK), 2015 WL 4600541, at *6 (E.D.N.Y. July 29, 2015) (quoting Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996)).

Pro se submissions are "construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted); see also Williams v. Annucci, 895 F.3d 180, 193 (2d Cir. 2018) (applying Triestman in reversing a district court's grant of summary judgment against a pro se plaintiff).

## II. ANALYSIS

Judge Moses recommends that Defendants' motion for summary judgment be granted in its entirety. (R&R (Dkt. No. 75) at 28) Because neither side has filed objections to the R&R, this Court will review the R&R only for clear error. Wingate, 2011 WL 5106009, at *1.

### A. Rule 56(d)

Judge Moses first considers whether it is necessary to defer or deny Defendants' motion under Fed. R. Civ. P. 56(d), because of Plaintiff's claim that he lacks access to relevant evidence. Rule 56(d) provides that

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Judge Moses notes that "[n]o formal discovery took place in this action before defendants filed their summary judgment motion," and that Plaintiff had filed a June 10, 2019 letter (Dkt. No. 65) stating "that he had 'a list of things' he wished 'to be provided,' including

8

minutes of defendant Gonzalez's testimony to the grand jury and an audio recording of his 911 call." (R&R (Dkt. No. 75) at 14-15)

As discussed above, this Court addressed these issues during a June 20, 2019 telephone conference, and instructed Plaintiff to seek additional time to submit his opposition if he had any difficulty obtaining evidence that he believed was relevant to his opposition. "[O]n July 16, 2019, [however,] plaintiff executed his opposition papers and submitted them, without any supporting evidence beyond his own affidavit and without any further discussion of his need for such evidence. . . . Nor did he request additional time or seek any other relief." (Id. at 15) Given this record, Judge Moses "conclude[d] that the Court need not defer or deny defendants' motion under Rule 56(d)." (Id. at 16)

This Court agrees that deferral or denial of Defendants' motion under Rule 56(d) is not warranted here. As a result of the June 20, 2019 telephone conference, Plaintiff was on notice of (1) the deadline for submitting his opposition; and (2) the need to request additional time if necessary to obtain evidence relevant to his opposition. The Court informed Plaintiff that he merely needed to "send [the Court] a letter requesting an extension of time and allow [him]self enough time to get whatever additional records [he] need[s]." (June 20, 2019 Tr. (Dkt. No. 73) at 12:18-22) Plaintiff sought no additional time, but instead submitted his opposition without the materials he had cited earlier. Given this record, this Court will address the merits of Defendants' motion.

### B.     False Arrest

Judge Moses recommends that Defendants' motion for summary judgment on Plaintiffs' false arrest claim be granted. (Id. at 20)

9

In her R&R, Judge Moses correctly states the applicable legal standards. First, "'[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983.'" (Id. at 17 (quoting Creighton v. City of New York, 2017 WL 636415, at *25 (S.D.N.Y. Feb. 14, 2017) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)))) Further, "'[a] guilty plea is sufficient to demonstrate that there was probable cause to arrest, and precludes a false arrest claim under Section 1983.'" (Id. (quoting Domeneck v. City of New York, 2019 WL 5727409, at *7 (S.D.N.Y. Nov. 5, 2019))) Judge Moses also observes that Plaintiff's pending appeal "does not save his claim for false arrest." (Id. at 18 (citing Drayton v. Young, 2018 WL 5831324, at *5 (S.D.N.Y. Nov. 7, 2018))) Judge Moses then concludes that Plaintiff's guilty "plea is dispositive of his false arrest claim." (Id.)

There is no error in Judge Moses' analysis. Accordingly, Defendants are entitled to summary judgment on Plaintiff's false arrest claim.

### C.     Malicious Prosecution

Judge Moses recommends that Defendants also be granted summary judgment on Plaintiff's malicious prosecution claim. (R&R (Dkt. No. 75) at 24)

Judge Moses correctly states the applicable legal principles. First, "'Plaintiff's guilty plea negates a required element of his malicious prosecution claim: a showing that the underlying proceeding terminated in his favor.'" (Id. at 21 (quoting Wims v. New York City Police Dep't, 2011 WL 2946369, at *3 (S.D.N.Y. July 20, 2011))) Second, "probable cause . . . is a 'complete defense to a claim of malicious prosecution in New York.'" (Id. (quoting Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003))) Judge Moses notes that "a prosecution

10

requires probable cause to charge the suspect with 'each of the crimes.'" (Id. at 22 (quoting Diop v. City of New York, 50 F. Supp. 3d 411, 421 (S.D.N.Y. 2014)) (emphasis in Diop))

Judge Moses then correctly finds that Plaintiff's "guilty plea was an unfavorable termination, which bars his malicious prosecution claim." (Id. at 21)  As to probable cause, Judge Moses concludes that Plaintiff's "plea of guilty to the more serious charge of assault under [New York Penal Law] § 120.05(2) serves as conclusive evidence that probable cause also existed as to the lesser charge under [New York Penal Law] § 265.01(2) – because, as noted above, the charges arise from the same incident, the elements of the two charges overlap, and plaintiff pled guilty to the more serious charge." (Id. at 22)  Judge Moses further finds that based on these undisputed facts, "there was probable cause for plaintiff's prosecution, just as there was probable cause for his arrest," because "Plaintiff makes no showing . . . that Officer Robinson uncovered any information at any time after plaintiff's arrest that undermined the initial probable cause determination."  (Id. at 22-23)

This Court finds no error in Judge Moses' analysis.  Accordingly, Defendants are entitled to summary judgment on Plaintiff's malicious prosecution claim.

### D. Excessive Force

Judge Moses recommends that Defendants' motion for summary judgment be granted with respect to Plaintiff's excessive force claim.  (R&R (Dkt. No. 75) at 27)

Judge Moses correctly states the applicable legal standards.  First, "'[d]etermining whether the force used was reasonable requires careful attention to the facts and circumstances of each particular case, including (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight.'"  (Id. at 24 (quoting Davis v. Murphy,

2018 WL 10070524, at *6 (S.D.N.Y. Sept. 24, 2018), appeal dismissed sub nom. Davis v. City of New York, 2018 WL 10070503 (S.D.N.Y. Dec. 14, 2018)))  Next, "'the force used by the law enforcement officer must generally be more than de minimis for a claim to be actionable.'"  (Id. at 25 (quoting Antic v. City of New York, 273 F. Supp. 3d 445, 458 (S.D.N.Y. 2017), aff'd, 740 F. App'x 203 (2d Cir. 2018)))  Moreover, "de minimis injuries, such as the 'minor injuries that result from tight handcuffs,' can serve as 'conclusive evidence that de minimis force was used.'"  (Id. (quoting Washpon v. Parr, 561 F. Supp. 2d 394, 407 (S.D.N.Y. 2008)))

        Judge Moses observes that, while there is a dispute regarding the force with which Officer Gonzalez applied his foot to Plaintiff's back, "[P]laintiff did not then assert – and does not now claim – that he suffered any injury from Officer Gonzalez's foot."  (Id. at 26 (citing Pltf. R. 56.1 Stmt. (Dkt. No. 69-1) ¶¶ 14-15) (emphasis in original))  Under these circumstances, "no reasonable juror could conclude that the force used by Officer Gonzalez was objectively unreasonable."  (Id.)  And given the night-time violent altercation that had just occurred, with the weapon still nearby, "it was not objectively unreasonable, under the circumstances, for Officer Gonzalez to apply some measure of force to restrain plaintiff until backup arrived."  (Id.)

        This Court finds no error in Judge Moses' analysis.  Accordingly, Defendants are entitled to summary judgment on Plaintiff's excessive force claim.

## CONCLUSION

        For the reasons stated above, the R&R is adopted, and Defendants' motion for summary judgment (Dkt. No. 58) is granted in its entirety.

        The Clerk of Court is directed to terminate the motion and to close this case.

Copies mailed by Chambers.

Dated: New York, New York
       May 3, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge